IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00246-MR-WCM

| | | |
|---|---|---|
| TRAVIS BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| NISSAN OF SHELBY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of the Plaintiff's "Motion to File Under Seal" [Doc. 1]; the Plaintiff's Complaint [Doc. 2]; and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [Doc. 3].

**I. STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP

1

filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely

2

"labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. DISCUSSION

### A. IFP Motion

The Plaintiff seeks to proceed in this action without the prepayment of fees or costs. Upon review of the financial information provided in the motion, the Court finds that the Plaintiff has adequately demonstrated that he is unable to make prepayment of the required fees and costs. Accordingly, the motion will be granted.

### B. Section 1915 Review of Complaint

While the allegations of the Complaint are often fantastical[1] and difficult to ascertain, it appears that the Plaintiff is attempting assert a qui tam action on behalf of the United States against the Defendant for various acts of wrongdoing and statutory violations. "The claimant in a qui tam action—called a relator or informer—is authorized by a statute to bring suit for itself

---

[1] Among other things, the Plaintiff alleges that he led a North Carolina Department of Justice (NCDOJ) investigation of the Defendant and that the NCDOJ "has been linked to [the Plaintiff's] computer for 3 years now training [the Plaintiff] to become a criminal investigator for the FBI…." [Doc. 2 at 3 ¶ 11].

and for the United States . . . ." Wright & Miller, 14 Fed. Prac. & Proc. Juris. § 3653 (4th ed. 2023).  None of the various statutes cited by the Plaintiff in his Complaint, however, authorize a qui tam action.  The Supreme Court has recognized only four federal statutes that authorize qui tam suits: the False Claims Act, 31 U.S.C. §§ 3729-3733; the Patent Act, 35 U.S.C. § 292; and two Indian protection laws, 25 U.S.C. §§ 81, 201.  Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 768-69 & n.1 (2000).  Because the Plaintiff's present action is not authorized by any of these statutes, it must be dismissed.

Even if the Plaintiff attempted to proceed under of the aforementioned qui tam statutes, as a pro se litigant, the Plaintiff may not represent the interests of the United States and therefore may not serve as a relator in a qui tam action.  See Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020).  Therefore, this action is also subject to dismissal due to the Plaintiff's pro se status.

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case.  See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724.  It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants.

Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).  As such, the Court will dismiss this civil action.

For the reasons stated herein, the Court concludes that the Plaintiff cannot cure the defects identified in his Complaint by further amendment. See Bing v. Brivo Sys., LLC, 959 F.3d 605, 613 (4th Cir. 2020), cert. denied, 141 S. Ct. 1376 (2021).  Moreover, the Court finds that the Plaintiff's Complaint is patently frivolous.  Accordingly, the Court declines to give the Plaintiff leave to further amend his Complaint.

The Plaintiff has a history of filing frivolous, repetitive, and vexatious actions, all of which have been dismissed either as frivolous or due to his failure to prosecute.  See Baxter v. Eakers Nursery and Tree Farm, No. 5:23-cv-00110-KDB-SCR, Doc. 3 (W.D.N.C. Aug. 14, 2023) (dismissed as frivolous due to "vague, meandering, and nonsensical allegations"); Baxter v. Neal, No. 3:23-cv-00008-RJC-DSC, Doc. 6 (W.D.N.C. Mar. 9, 2023) (denying IFP motion as "vague and contradictory" and dismissing action without prejudice); Baxter v. United States, No. 1:22-cv-01173-RAH, Doc. 9 (Fed. Cl. Oct. 10, 2022) (action filed in Federal Court of Claims seeking order directing a North Carolina state court to dismiss criminal charges against him; dismissed for failure to pay filing fee); Baxter v. NC Igraham Erlacher & Associates, No. 1:22-cv-00200-CCE-JLW, Doc. 9 (M.D.N.C. Sept. 13, 2022)

(dismissing without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)); Baxter v. Four Unnamed Greensboro Police, No. 1:22-cv-00360-CCE-JLW, Doc. 5 (M.D.N.C. June 17, 2022) (action dismissed without prejudice); Baxter v. Biden, No. 1:22-cv-00328-CCE-JLW, Doc. 4 (M.D.N.C. June 7, 2022) (action dismissed without prejudice); Baxter v. United States, No. 1:22-cv-00406-ZNS, Doc. 8 (Fed. Cl. June 7, 2022) (action filed against Lincoln County Sheriff's Office and others in Federal Court of Claims; dismissed for failure to pay filing fee); Baxter v. Orlando, No. 3:22-cv-00548-MO, Doc. 5 (D. Or. Apr. 18, 2022) (dismissing action as frivolous); Baxter v. Lincoln County Sheriff's Office, No. 5:21-cv-00055-KDB-DCK, Doc. 4 (W.D.N.C. Apr. 5, 2021) (remanding state action frivolously removed by plaintiff).

Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am.,

6

Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997).  If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous.  See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997).  Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings.  In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

### C. Motion to Seal

The Plaintiff moves to seal this action under seal "according to [the] rules of qui tam recovery." [Doc. 1 at 1].  For the reasons explained above, the Plaintiff has not stated a claim for a qui tam action and, in any event, could not proceed pro se in prosecuting such an action.  As such, the Plaintiff's motion to seal is denied.  The Clerk of Court will be directed to unseal this civil action.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [Doc. 3] is **GRANTED**;

(2) The Plaintiff's "Motion to File Under Seal" [Doc. 1] is **DENIED**, and the Clerk of Court is directed to unseal this action; and

(3) The Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 8, 2023

Martin Reidinger
Chief United States District Judge